STATE of South Dakota, Plaintiff
and Respondent,

v.

Delores KENNEDY, Defendant
and Appellant.

No. 12507.

Supreme Court of South Dakota.

Argued Feb. 22, 1979.

Decided April 12, 1979.

Lori Scully Wilbur, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Brent A. Wilbur, Asst. Atty. Gen., Pierre, and William J. Janklow, Atty. Gen., Pierre, on the brief.

Thomas C. Barnett, Jr., South Dakota Legal Services, Fort Thompson, for defendant and appellant.

MORGAN, Justice.

This is an appeal from a conviction in Circuit Court for the Fourth Judicial Circuit for falsely obtaining aid from the South Dakota Aid to Dependent Children program. Appellant appeals the conviction contending that the trial court erred in denying her demurrer and in rejecting her proposed jury instructions regarding specific intent to defraud. We affirm.

Delores Kennedy, appellant, was charged with falsely obtaining aid from the South Dakota Aid to Dependent Children program in violation of SDCL 28-7-20.[1] The information alleged that:

> Delores Kennedy did Obtain Aid To Dependent Children Assistance greater than that to which she was entitled by means of a willfully false statement on a South Dakota Division of Social Welfare Form G-115, said false statement being a failure to list income from unemployment benefits which Delores Kennedy had received and was receiving.

---

1. At the time of appellant's violation, SDCL 28-7-20 read as follows:

Whoever obtains or attempts to obtain or aids or abets any person to obtain by means of a *willfully false statement* or representation, or by impersonation or *other fraudulent* device in violation of any provision or of the purpose of this chapter:

   (1) Assistance to which he is not entitled;

   (2) Assistance greater than that to which he is justly entitled;

   (3) Payment of any forfeited installment grant;

is guilty of a Class 2 misdemeanor. In assessing the penalty, the court shall take into consideration the amount of money *fraudulently* received. (Emphasis added.)

This statute was repealed by S.L. 1977, ch. 225, which enacted a similar statute found at SDCL 22-29-11 et seq.

Appellant demurred to the information, arguing that the information should have alleged that she *fraudulently* obtained aid to which she was not entitled as opposed to *falsely* obtaining such aid. Appellant's demurrer was denied. A jury trial was held and, in the settling of jury instructions, appellant proposed instructions concerning specific intent to defraud. The trial court rejected the instructions and used instructions regarding general intent, to which appellant objected. The jury found appellant guilty and she was sentenced to one day in jail, a $100 fine, and repayment of the money falsely received.

The sole issue in this appeal is whether specific intent to defraud is a necessary element in a violation of SDCL 28–7–20. Since there are several methods by which a person could violate SDCL 28–7–20, i. e., by means of a willfully false statement, by means of a willfully false representation, by impersonation, or by other fraudulent device, we will only consider the method used in this case, i. e., by means of a willfully false statement, and our decision is not determinative with respect to the intent requirement for any of the other methods.

Appellant makes various attempts to justify an interpretation that the phrase "willfully false statement" has an inherent requirement that there be a specific intent to defraud. We reject each of her arguments. The phrase "false statement" does not, in the context of this statute, connote a requirement that there be a specific intent to defraud. In this statute, a "false statement" is a statement which is untrue or incorrect and it carries with it no connotation of fraud or intentional wrongdoing. Also, "willfully" does not connote a specific intent requirement. The word "willfully" is defined in SDCL 22–1–2(1)(e) as follows: [2]

(e) 'Willfully' implies simply a purpose or willingness to commit the act or the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage;

This statutory definition of "willfully" comports with the jury instructions on general intent given by the trial court.[3] The only intent necessary is that appellant intended to make the false statement and the existence of that intent is not in dispute.[4]

Therefore, we hold that specific intent to defraud is not a necessary element in a conviction under SDCL 28–7–20 for falsely obtaining aid from the South Dakota Aid to Dependent Children program "by means of a willfully false statement" and that the trial court did not err in denying appellant's demurrer and rejecting appellant's proposed instructions. The judgment of the trial court is affirmed.

All the Justices concur.

---

**2.** Even though this definition is not contained in SDCL Ch. 28–7, it is still applicable. See SDCL 2–14–4.

**3.** The court's jury instruction # 8 was:

"willfully" implies simply a purpose of willingness to commit the act or the omission referred to. It does not require any intent to violate law, or to acquire any advantage.

**4.** *State v. Martin*, 85 S.D. 587, 187 N.W.2d 576 (1971) holds, essentially, that a statute may validly contain two subsections, one that creates a crime with the element of fraudulent intent, and one of which creates a crime carrying the same penalty, but without the element of fraudulent intent. See also, *Sanford v. King*, 19 S.D. 334, 103 N.W. 28 (1905).