In the Matter of the Appeal of BUTTE COUNTY from the Decision of the South Dakota State Board of Equalization in the Appeals of Richard Reder and Marjorie Reder, Louis R. Adams, Gary D. Gotfredson and Debra A. Gotfredson, William Keiry or Naida Keiry, Manuel Kindsfater, Jerry L. Olson, and Delores F. Olson, Seven-H Ranch, Charles R. Shaykett and Dorothy M. Shaykett, Robert L. Shevling, Neil Shuck, Hazel I. Yuill, R. Thornton Vallery and Gwenivere L. Vallery, Robert E. Fickbohm and Elaine L. Fickbohm, Respondent and Appellee,

and

Mark V. Meierhenry, Attorney General of the State of South Dakota, Intervenor and Appellant.

No. 14081.

Supreme Court of South Dakota.

May 26, 1983.

Decided July 6, 1983.

Laurence J. Zastrow of Carr, Zastrow & Pluimer, and John H. Fitzgerald, Butte County State's Atty., Belle Fourche, for respondent and appellee Butte County.

Charles A. Wolsky of Morman, Smit, Shepard, Hughes & Wolsky, Sturgis, for landowners.

John P. Dewell, Asst. Atty. Gen., Pierre, for intervenor and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

MORGAN, Justice.

This is an appeal from the decision of the circuit court for the Eighth Judicial Circuit, Butte County, South Dakota, whereby a decision of the State Board of Equalization (State Board) was struck down upon motion of Butte County Board of Commissioners (Butte County) for the stated reason that the State Board is without statutory authority and jurisdiction to consider the appeal of a decision of the Butte County Board of Equalization (County Board) regarding assessment of certain irrigated land. We reverse and remand.

While the merits of the respective decisions of the County Board and State Board are not before us at this time we will synopsize them for the purpose of clarification. In 1982, the County Director of Equalization classified certain real property as irrigated land rather than dryland, and valued it as such. The landowners appealed to the County Board, which resulted in no change. The landowners then appealed to the State Board. The State Board sustained the landowners' appeal and directed that the valuation be reverted to the value for dry land. Butte County appealed this decision

to the circuit court under the provisions of SDCL 10–11–43.[1] The trial court stayed execution of the State Board's decision and Butte County moved to set aside and vacate the decision of the State Board. At this point, the attorney general moved to intervene, which intervention was allowed. The circuit court then struck down the decision of the State Board and the State Board now appeals.

The motion by Butte County and the trial court's decision were to the effect that the authority of the State Board to consider appeals under SDCL ch. 10–11 was delimited by the provisions of SDCL 10–11–47.[2]

■ The issue then is: does SDCL 10–11–47 limit the authority of the State Board to the narrow area defined in SDCL 10–11–47? We hold that it does not. Butte County argues that the State Board has no statutory grant of authority to act other than that granted in SDCL 10–11–47. Butte County points out that the majority opinion in *Hansen v. Wilder,* 76 S.D. 438, 80 N.W.2d 306 (1957), described the authority of the State Board under SDC 57.0419 and 57.0420, when it came to increasing or decreasing valuation, was "left entirely to the discretion of the State Board of Equalization subject only to constitutional limitations." 76 S.D. at 446, 80 N.W.2d at 311. The County then asserts that with unprecedented haste the 1957 Legislature enacted and the governor signed House Bill 714 (1957 S.D.Sess.L. ch. 461) which severely limited the authority of the State Board to the areas as now provided in SDCL 10–11–47.

*Hansen v. Wilder, supra,* was an original certiorari action in this court challenging the action of the State Board in increasing the valuation of all classes of property as returned to the State Board by the counties in the state from approximately $1,800,000,-000 to $2,500,000,000. Petitioner in *Hansen* complained that the State Board conducted itself as a board of "original assessment." Brief for Petitioner at p. 14, *Hansen, supra.* That the State Board acted under a predecessor statute to SDCL 10–11–47 is undisputed. However, nowhere does the *Hansen* opinion refer to the appellate process before the State Board. As the opinion stated, *Hansen* involved aggregate valuations as returned by the counties; this was an act undertaken by the State Board upon its own initiative. *Hansen, supra,* is not supportive of the theory that State Board's appellate powers are limited by SDCL 10–11–47.

Next, in light of Butte County's contention, we review Chapter 461 of the South Dakota Session Laws of 1957. We are likewise of the opinion that the 1957 Legislature had no intention of striking down the power of the State Board to hear appeals and decide grievances from County Boards nor did the legislature mistakenly do so as Butte County suggests. To the contrary, while section two of the session law does limit the general authority of the State Board to the confines of the present SDCL 10–11–47, section one specifically addresses the appellate procedures and considerably expanded them by granting for the first time, authority for aggrieved persons to appeal from the State Board to the circuit court. 1957 S.D.Sess.L. ch. 461, §§ 1–2. The first section to this enactment is a predecessor to our present SDCL 10–11–42, 43 and 44. *Id.* at § 1.

■ In our opinion the State Board has ample statutory authority to hear grievances under its appellate function as distin-

---

1. SDCL 10–11–43 provides:
   Any such person, firm, corporation, taxing district, governmental subdivision or agency interested as described in § 10–11–42 may appeal from the decision of the state board of equalization to the circuit court for the county in which the property which is the subject of the action is situated, and which appeal shall be taken in the same form and manner as appeals are taken from the decision of the board of county commissioners to such court.

2. SDCL 10–11–47 provides:

The state board of equalization shall have power to equalize the assessment
   (1) Of all property between those counties wherein a school district or municipality lies partly in each, but only when the board of county commissioners of any one of said counties makes request in writing for such equalization;
   (2) Of all property between counties whenever a state levy is made pursuant to § 10–12–1.

guished from its original jurisdiction. SDCL 10–2–1 provides for the State Board with appointment of five members from five districts identical with the supreme court districts. SDCL 10–2–1.1 then provides, in pertinent part, that the "state board of equalization ... shall retain the quasi-judicial ... functions (as defined in § 1–32–1) otherwise vested in it and shall exercise those functions independently of the secretary of revenue." SDCL 1–32–1(10) defines "quasi-judicial function" as "an adjudicatory function exercised by an agency, involving the exercise of judgment and discretion in making determinations in controversies." Finally, SDCL 10–11–42 provides that "[a]ny person, firm or corporation, public or private, feeling aggrieved by the action of the county board of equalization relative to the assessment of its property ... may ... appeal to the state board of equalization for a determination of such grievance."

While Butte County's brief goes back into the legislative history of the State Board through the evolution of the State Board to the Tax Commission and subsequently back to the State Board, we deem that inquiry unnecessary. "[R]esort[ing] to legislative history is justified only when legislation is ambiguous or its literal meaning is absurd or unreasonable. Absent these circumstances, we must give legislation its plain meaning. We cannot amend it to produce or avoid a particular result." *Lead-Deadwood School District v. Lawrence County*, 334 N.W.2d 24, 25 (S.D.1983). If we can learn anything from *Hansen, supra*, it is the observation of Justice Hanson in his dissent, wherein he stated:

> The laws of the past are helpful in determining their meaning but are not controlling as to the legislative intendment of the present. Our tax laws have undergone constant and drastic change since statehood. Our present statutes are but fragmentary bits retained in the culling out process. Companion statutes that once gave a meaning to some of our present laws are no longer in effect.

76 S.D. at 449–50, 80 N.W.2d at 313.

In our opinion, the legislation in its present form is clear and unambiguous. Its meaning becomes absurd and unreasonable only if Butte County's theory is applied to it.

We reverse the decision of the trial court and remand the case for further proceedings and disposition on the merits.

All the Justices concur.