In the Matter of the Petition of FA-
MOUS BRANDS, INC. to Obtain a
Declaratory Ruling.

No. 14269.

Supreme Court of South Dakota.

Considered on Briefs Feb. 16, 1984.

Decided April 25, 1984.

Jeremiah D. Murphy, John R. McDowell and Thomas J. Welk of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for intervenors-appellees.

William Taylor of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for appellant.

HOYT, Circuit Judge.

This is an appeal from a judgment of the circuit court affirming the decision of the Secretary of Revenue (Secretary) that SDCL 35-4-5.1 and SDCL 35-4-5.5 precluded a renewal of a wholesale liquor license to· Famous Brands, Inc. (appellant). We reverse.

The factual background of the controversy is refreshingly simple. Appellant filed a petition to obtain a declaratory ruling pursuant to SDCL 1-26-15 and ARSD 64:01:01:08 as to the applicability of SDCL 35-4-5.1 and SDCL 35-4-5.5 to the proposed renewal of the appellant's wholesale liquor license. SoDak Distributing Company and Sioux Falls Wholesale (Appellees/intervenors) petitioned for intervention, and on stipulation were admitted as parties.

Under the declaratory ruling procedure, the Secretary was to assume the following fact scenario:

Famous Brands, Inc. is a wholly owned subsidiary of Johnson Brothers Wholesale Liquor Company, an alcoholic beverage licensee in five other states. Famous Brands, Inc. holds two wholesale liquor licenses in South Dakota; one in Sioux Falls, and the other in Rapid City. Johnson Brothers Wholesale Liquor Company is the owner of 100 percent of the stock of the United Sales Distilling Company, a rectifier, with a plant located in the State of Minnesota. Products from this plant are sold in part to Famous Brands, Inc. in South Dakota.

During all of 1970, Famous Brands, Inc. was the holder of a South Dakota wholesale liquor license. In 1970, Famous Brands, Inc. was owned by Schenley Industries, a manufacturer, distiller, rectifier, importer, and wholesaler of alcohol and alcohol products.

With the foregoing assumed facts in place, the Secretary was asked to determine whether the appellant's liquor license would be renewable in light of the provisions of SDCL 35-4-5.1 and SDCL 35-4-5.-5.[1]

---

1. A telephonic conference was held on October 26, 1982, at which time the parties apparently agreed to dispense with any further hearing, as contemplated under ARSD 64:01:01:09, and proceed on the facts as proposed by appellant, and briefed the question accordingly. The questions concerning the suitability of the applicant were deferred from consideration.

The appellant also proposed a second question concerning the effect of a divesture, which is rendered moot by this decision. From an adverse declaratory ruling by the Secretary, the appellant appealed to circuit court. The circuit court determined the Secretary reached the right result but for the wrong reasons, and affirmed.

The issue before this court is the propriety of the circuit court's affirming the Secretary's determination that SDCL 35–4–5.1 and SDCL 35–4–5.5 did not permit the renewal of a wholesale liquor license to appellant.

The authority for, and the conduct of this court in reviewing on appeal the circuit court's judgment under South Dakota Administrative Procedures Act (SDCL 1–26) is well established.[2]

■■■ The construction of a statute is a question of law.[3] Therefore, the decisions of the administrative agency and the circuit court are both fully reviewable. We give great weight to agency interpretation of a statute only when the agency charged with its administration is given express statutory authority to interpret a statute necessary for its efficient administration.

The statutes which we are called upon to apply to the facts as proposed are as follows:

SDCL 35–4–5.1 provides:

No manufacturer, rectifier, distiller, jobber or distributor of distilled spirits, or a copartner or a majority stockholder of a parent or subsidiary corporation di-

rectly or indirectly interested in any of them shall be granted a wholesale license, or be granted a renewal of such a license under this chapter.

SDCL 35–4–5.5 provides:

The provisions of SDCL 35–4–5.1, as to the granting of a wholesale license and the renewal thereof shall not apply to any individual, copartnership or corporation who or which on July 1, 1970 was the holder of a wholesaler's license.

■■■ While it may be elementary, it behooves us to acknowledge that as a result of constitutional provisions distributing the powers of government among three departments, the legislative, executive, and judicial, courts have no legislative authority, and should avoid judicial legislation, a usurpation of legislative powers, or any entry into the legislative field. Thus it has been said that whatever its opinion may be as to the wisdom of a statute or the necessity for further legislation, the duty of a court is to apply the law objectively as found, and not to revise it. 73 Am.Jur.2d, *Statutes* § 179 (1974).

■■■ There are some rules ·of construction which are fundamental to this case. The purpose of rules regarding the construction of statutes is to discover the true intention of the law, and said intention is to be ascertained by the court primarily from the language expressed in the statute. *State Theatre Co.·v. Smith*, 276 N.W.2d 259, 263 (S.D.1979); *State v. Williamson*,

**2.** *Application of Tieszen Memorial Home*, 343 N.W.2d 97 (S.D.1984); *Application of Leo's Bus Service, Inc.*, 342 N.W.2d 228 (S.D.1984); *Application of Southern Hills Bank of Edgemont*, 339 N.W.2d 310 (S.D.1983); *South Dakota Dep't of Public Safety v. Haddenham*, 339 N.W.2d 786 (S.D.1983); *Matter of Johnson*, 337 N.W.2d 442 (S.D.1983); *Matter of Ackerson, Karlen & Schmitt*, 335 N.W.2d 342 (S.D.1983); *Dakota Harvestore v. South Dakota Dep't of Revenue*, 331 N.W.2d 828 (S.D.1983); *Deuter v. South Dakota Highway Patrol*, 330 N.W.2d 533 (S.D.1983); *Weltz v. Bd. of Educ. of Scotland School Dist.*, 329 N.W.2d 131 (S.D.1983); *Hartpence v. Youth Forestry Camp*, 325 N.W.2d 292 (S.D.1982); *Matter of Establishing Certain Territorial Elec. Boundaries*, 318 N.W.2d 118 (S.D.1982); *Matter of Gannon*, 315 N.W.2d 478 (S.D.1982);

*Matter of Clay-Union Elec. Corp.* 300 N.W.2d 58 (S.D.1980); *Devericks v. John Morrell & Co.*, 297 N.W.2d 325 (S.D.1980); *Matter of South Lincoln Rural Water System*, 295 N.W.2d 743 (S.D.1980); *Fraser· v. Water Rights Comm'n, Etc.*, 294 N.W.2d 784 (S.D.1980); *South Dakota Public Utilities Comm'n v. Ottertail Power Co.*, 291 N.W.2d 291 (S.D.1980); *Matter of Sales Tax or Use Tax, Etc.*, 290 N.W.2d 865 (S.D.1980); *Piper v. Neighborhood Youth Corps.*, 90 S.D. 443, 241 N.W.2d 868 (1976); *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970).

**3.** This appeal was perfected prior to the 1983 amendment to SDCL 1–26–36; accordingly, we do not address the 1983 amendment at this time.

87 S.D. 512, 515, 211 N.W.2d 182, 183 (1973).

In applying legislative enactments, we must accept them as written. The legislative intent is determined from what the legislature said, rather than from what we or others think it should have said. *Elk Point Ind. School Dist. No. 3 v. State Comm'n on Education and Secondary Education*, 85 S.D. 600, 605, 187 N.W.2d 666, 669 (1971).

While it is fundamental that we must strive to ascertain the real intention of the lawmakers, it is equally fundamental that we must confine ourselves to the intention as expressed in the language used. *Ex parte Brown*, 21 S.D. 515, 519, 114 N.W. 303, 305 (1907). To violate the rule against supplying omitted language would be to add voluntarily unlimited hazard to the already inexact and uncertain business of searching for legislative intent. *Boehrs v. Dewey County*, 74 S.D. 75, 79, 48 N.W.2d 831, 834 (1951).

One of the primary rules of statutory and constitutional construction is to give words and phrases their plain meaning and effect. *Board of Regents v. Carter*, 89 S.D. 40, 46, 228 N.W.2d 621, 625 (1975). This court assumes that statutes mean what they say and that legislators have said what they meant. *Crescent Electric Supply Co. v. Nerison*, 89 S.D. 203, 210, 232 N.W.2d 76, 80 (1975). When the language of a statute is clear, certain, and unambiguous, there is no occasion for construction, and the court's only function is to declare the meaning of the statute as clearly expressed in the statute. *Matter of Aiken*, 296 N.W.2d 538, 540 (S.D.1980); *State Highway Comm'n v. Wieczorek*, 248 N.W.2d 369, 372 (S.D.1976); *Kalmbach v. City of Mobridge*, 81 S.D. 158, 162, 132 N.W.2d 293, 295 (1964); *State ex rel. Widdoss v. Esmay*, 72 S.D. 270, 273, 33 N.W.2d 280, 282 (1948); *Phelps v. Life Benefit, Inc.*, 67 S.D. 276, 279, 291 N.W. 919, 920 (1940).

The principle which courts follow in confining themselves as closely as possible to the terms of a statute and resorting to other sources of interpretation only where the language leaves a doubt, has been well explained by Mr. Justice Frankfurter:

"Even within their area of choice the courts are not at large. They are confined by the nature and scope of the judicial function in its particular exercise in the field of interpretation. They are under the constraints imposed by the judicial function in our democratic socity. As a matter of verbal recognition certainly, no one will gainsay that the function in construing a statute is to ascertain the meaning of words used by the legislature. To go beyond it is to usurp a power which our democracy has lodged in its elected legislature. The great judges have constantly admonished their brethren of the need for discipline in observing the limitations. A judge must not rewrite a statute, neither to enlarge nor to contract it. Whatever temptations the statesmanship of policymaking might wisely suggest, construction must eschew interpolation and evisceration. He must not read in by way of creation. He must not read out except to avoid patent nonsense or internal contradiction. 'If there is no meaning in it,' said Alice's King, 'that saves a world of trouble, you know, as we needn't try to find any.' Legislative words presumably have meaning and so we must try to find it."

*State ex rel. Neelen v. Lucas*, 24 Wis.2d 262, 268, 128 N.W.2d 425, 429 (1964). (Quoting Frankfurter, Some Reflections on the Reading of Statutes (1947), 1, 13–14.)

As in previous cases, appellees would have us launch this inquiry with an examination of legislative history of the act. However, resorting to legislative history is justified only when legislation is ambiguous, or its literal meaning is absurd or unreasonable. Absent these circumstances, we must give legislation its plain meaning. We cannot amend to produce or avoid a particular result. *Appeal of Butte County*, 336 N.W.2d 151, 153 (S.D.1983); *Lead-Deadwood School Dist. v. Lawrence County*, 334 N.W.2d 24, 25 (S.D.1983); *Matter of Sales Tax Refund Applications*, 298 N.W.2d 799, 802 (S.D.1980). As the Supreme Court of Wisconsin has stated:

"A statute or portion thereof is ambiguous when it is capable of being understood only by reasonably well-informed persons in either of two or more senses."

Whenever a case such as this one is before the court, however, it is obvious that people disagree as to the meaning to be given to a statute. This alone cannot be controlling. The court should look to the language of the statute itself to determine if "well-informed persons" *should have* become confused. *National Amusement Co. v. Wisconsin Dep't of Taxation*, 41 Wis.2d 261, 267, 163 N.W.2d 625, 628 (1969). (Citing *State ex rel. Neelen v. Lucas, supra*, 24 Wis.2d at 267, 128 N.W.2d at 428.) (emphasis in original)

After applying the aforementioned precepts, we disagree with the Secretary and the circuit court's interpretation as to the application of the statutes in question to the appellant's circumstances. We find no ambiguity or obscurity in the language of SDCL 35-4-5.5. The language of the exception in SDCL 35-4-5.5 does not contain a qualification to the effect urged or argued; that is, that the legislature did not intend to extend the "grandfather clause" benefits of SDCL 35-4-5.5 to manufacturers, rectifiers, distillers, jobbers, or distributors which subsequently purchased or otherwise acquired an entity or other licensee holding a wholesale liquor license as of July 1, 1970. Likewise, we cannot accept the interpretation that the "grandfather clause" would be afforded to a manufacturer, rectifier, distiller, jobber, or distributor only if it held a wholesale liquor license on July 1, 1970, or if it held a direct or indirect interest in a wholesale liquor licensee which in turn held a wholesale liquor license on July 1, 1970.

We cannot read such a restriction into the exemption or "grandfather clause" contained in SDCL 35-4-5.5. To do so would constitute usurpation of the legislative function. *National College of Business v. Pennington County*, 82 S.D. 391, 398, 146 N.W.2d 731, 735 (1966). If further restrictions are to be imposed upon the right of exemptions contained in SDCL 35-4-5.5, then it is for the legislature to say so, not the Secretary or the courts.

This court will not enlarge a statute beyond its face where the statutory terms are clear and unambiguous in meaning and do not lead to an absurd or unreasonable conclusion. *Ogle v. Circuit Court, Tenth Judicial Circuit*, 89 S.D. 18, 21, 227 N.W.2d 621, 623 (1975).

The meaning must be read from the language chosen by the legislature, and the courts are not free to determine whether different provisions would have been enacted if the legislators had given some or greater attention to the application of the statute to a particular set of facts. *State ex rel. Neelen, supra*, 24 Wis.2d at 268, 128 N.W.2d at 429.

We find the statutes plain and unambiguous, and to be applied and not interpreted. Since the statutes speak for themselves, any attempt to make them clearer is a vain labor and tends only to befog. We therefore conclude that the appellant would be entitled to the benefits of the exemption contained in SDCL 35-4-5.5 and would not be prohibited from its license renewal. Accordingly, the judgment is reversed and the case is remanded to the circuit court for entry of a judgment consistent with the views set forth in this opinion.

WOLLMAN, DUNN, MORGAN and HENDERSON, JJ., concur.

HOYT, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.