840 F.2d 619
 45 Ed. Law Rep. 54
 Scott CULLUM, Corrin Cullum, Scott Cullum as Guardian Ad
Litem for Candace Cullum, a minor, Appellants,
v.
MUTUAL OF OMAHA INSURANCE COMPANY, a Nebraska corporation, Appellee.
 No. 87-5142.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 18, 1987.
Decided March 7, 1988.
 
 Wally Eklund, Gregory, S.D., for appellants.
 Mark F. Marshall, Rapid City, S.D., for appellee.
 Before JOHN R. GIBSON, BOWMAN, and WOLLMAN, Circuit Judges.
 WOLLMAN, Circuit Judge.
 
 
 1
 Scott Cullum (Cullum) appeals from a summary judgment[1] entered in favor of Mutual of Omaha Insurance Company (Mutual) on his claim for insurance benefits under a student health insurance policy issued by Mutual to Black Hills State College (Black Hills) in Spearfish, South Dakota. We affirm.
 
 I.
 
 2
 Cullum was enrolled as a student at Black Hills during the 1983-84 academic year. In January 1984, Cullum procured student health insurance under the Black Hills policy by paying a premium of $302.50 to Mutual. By payment of this premium, Cullum obtained insurance coverage for himself, his spouse, and all dependent children.
 
 
 3
 Cullum's daughter, Candace Cullum (Candace), was born prematurely on June 3, 1984. She remained hospitalized until September 3, 1984, for treatment of a lung disorder resulting from her premature birth. Cullum submitted a claim of approximately $100,000 for medical expenses incurred in treating Candace's lung disorder. Mutual denied the claim because the lung disorder originated before Candace reached the age of thirty days and therefore was excluded under the terms of the policy.
 
 
 4
 The insurance policy in question was captioned "Nonrenewable Student Blanket Accident and/or Sickness Policy." This dispute involves three provisions of the policy: (I) " 'Sickness' means sickness contracted and causing loss while the policy is in force as to the Insured"; (II) " 'Dependents' means the spouse of the Insured and any children who are: (1) dependent on the Insured, (2) over the age of thirty days and under the age of nineteen years and (3) residing with the Insured"; and (III) "Conformity with State Statutes: Any provision of this policy which, on its effective date, is in conflict with the statutes of the state in which the Insured resides on such date is hereby amended to conform to the minimum requirements of such statutes."
 
 
 5
 Cullum argues that Mutual's policy with Black Hills was required to provide newborn coverage pursuant to S.D. Codified Laws Ann. Secs. (hereinafter SDCL) 58-18-32 and 58-18-33, which provide in relevant part:
 
 
 6
 58-18-32. Family coverage to include newborn and newly adopted children. All group health insurance policies and group service or indemnity type contracts issued by a nonprofit corporation which provide coverage for a family member of the insured or subscriber shall, as to family members' coverage, also provide that the health insurance benefits applicable for children are payable with respect to a newly born child of the insured or subscriber from the moment of birth * * *.
 
 
 7
 58-18-33. Premature birth and congenital defects covered. The coverage for a newly born child from the moment of birth * * * shall consist of coverage of injury or sickness including the necessary care and treatment of premature birth and medically diagnosed congenital defects and birth abnormalities.
 
 
 8
 "Group health insurance" and "blanket health insurance" are statutorily defined:
 
 
 9
 58-18-1. Group health insurance defined. Group health insurance is hereby declared to be that form of health insurance covering groups of persons as defined in Secs. 58-18-2 to 58-18-6, inclusive, with or without one or more members of their families or one or more of their dependents, or covering one or more members of the families or one or more dependents of such groups of persons, and issued upon the basis set forth in Secs. 58-18-2 to 58-18-7, inclusive.
 
 
 10
 58-18-12. Blanket health insurance defined. Blanket health insurance is hereby declared to be that form of health insurance covering groups of persons as enumerated in one of Secs. 58-18-13 to 58-18-19, inclusive.
 
 
 11
 South Dakota statutes provide that blanket health insurance policies may be issued for the following groups: passengers of a common carrier, SDCL 58-18-13; employees subject to specified work hazards, SDCL 58-18-14; students, SDCL 58-18-15; participants in activities sponsored by a religious, charitable, recreational, educational, or civic organization, SDCL 58-18-16; members of a sports team, SDCL 58-18-17; members of a volunteer group, SDCL 58-18-18; and other groups subject to risk as approved by the Director of Insurance, SDCL 58-18-19.
 
 
 12
 In granting Mutual's motion for summary judgment, the district court stated:
 
 
 13
 By its own terms, SDCL 58-18-32 only pertains to group health insurance policies and group service or indemnity type contracts. The policy in question is a blanket health insurance policy. Blanket health insurance has a specific definition under South Dakota law which is contained in SDCL 58-18-12. Furthermore, SDCL 58-18-15 provides that blanket health insurance policies may be issued to a school. The policy in question is just such a policy. Group health insurance is also specifically defined under South Dakota law. That definition is contained in 58-18-1.
 
 
 14
 Cullum v. Mutual of Omaha Ins. Co., No. 86-5041, slip op. at 3 (D.S.D.Mar. 12, 1987) (emphasis in original).
 
 II.
 
 15
 We accord deference to the district court on undecided questions of state law. Nat'l Corp. for Hous. Partnership v. Liberty State Bank, 836 F.2d 433, 436 (8th Cir.1988). We will overturn the district court's interpretations of South Dakota law only if we find them " 'fundamentally deficient in analysis, without a reasonable basis, or contrary to a reported state-court opinion.' " McCarthy Bros. Constr. Co. v. Pierce, 832 F.2d 463, 467 (8th Cir.1987) (quoting Economy Fire & Casualty Co. v. Tri-State Ins. Co., 827 F.2d 373, 375 (8th Cir.1987)).
 
 
 16
 Cullum does not contend that Mutual's policy with Black Hills falls within the statutory definition of group health insurance set forth in section 58-18-1. Rather, he argues that "group health insurance" should be construed in its popular sense, which would include insurance issued to the "group" of students at Black Hills.
 
 
 17
 Words used in South Dakota statutes are to be construed in their ordinary sense. SDCL 2-14-1 (1985). However, "[w]henever the meaning of a word or phrase is defined in any statute such definition is applicable to the same word or phrase wherever it occurs except where a contrary intention plainly appears." SDCL 2-14-4 (1985).[2] Since no contrary intention is plainly apparent, we uphold the district court's determination that SDCL 58-18-1 defines "group health insurance" as used in SDCL 58-18-32 and that the latter statute is inapplicable to Black Hills' policy.
 
 
 18
 Cullum contends that the district court erred in its interpretation of SDCL 58-18-32 because, by relying solely on the language of the statute, it disregarded the plain and ordinary language of the legislature's intent. In particular, Cullum emphasizes the titles to the session laws subsequently codified as SDCL 58-18-32 and 58-18-33.[3]
 
 
 19
 While acknowledging that the purpose of the rules of statutory construction is to discover the intention of the law, South Dakota courts have determined that such intention is to be ascertained primarily from the language expressed in the statute. In re Famous Brands, Inc., 347 N.W.2d 882, 884-85 (S.D.1984). "When the language of a statute is clear, certain, and unambiguous, there is no need for construction, and [the] court's only function is to declare the meaning as clearly expressed in the statute." Klatt v. Continental Ins. Co., 409 N.W.2d 366, 371 (S.D.1987); accord Famous Brands, 347 N.W.2d at 885.
 
 
 20
 Applying the section 58-18-1 definition of "group health insurance," we find SDCL 58-18-32 to be unambiguous. Although ambiguity may exist where the literal application of a statute leads to an absurd or unreasonable result, Elfring v. Paterson, 66 S.D. 458, 285 N.W. 443, 445 (1939), we do not find it absurd or unreasonable that newborn coverage would be statutorily mandated for group health insurance policies, but not for blanket health insurance policies issued to the more restricted classes of persons defined in SDCL 58-18-13 to 58-18-19. Compare Elfring, 285 N.W. at 445 (court refused literal interpretation of statute that would have rendered the enactment of an amendment with an emergency clause meaningless); Mitchell Produce Co. v. Morrison, 63 S.D. 127, 257 N.W. 47, 50 (1934) (court refused literal construction of statute that would practically nullify the act). Accordingly, it was reasonable for the district court to base its interpretation solely on the language of the statute.
 
 
 21
 Cullum's remaining arguments are also without merit. First, it is not significant that SDCL 58-18-33 does not distinguish between group and blanket health insurance policies. SDCL 58-18-33 does not dictate which health insurance policies must provide newborn coverage; it merely describes the medical conditions that newborn coverage must include. Second, the inclusion of SDCL 58-18-32 and 58-18-33 in chapter 58-18, entitled "Group and Blanket Health Insurance Policies," does not make their provisions applicable to blanket health insurance policies. Under South Dakota law, chapter titles do not constitute part of the statute, SDCL 2-14-9 (1985),[4] and references, tables, or indices are not part of the South Dakota Code. SDCL 2-16-13.1(2) (1985).[5] Further, the fact that sections 58-18-32 and 58-18-33 are included in chapter 58-18 does not ineluctably lead to the conclusion that the provisions of those statutes were intended to address both group and blanket insurance policies. See SDCL 2-14-11 (1985).[6]
 
 
 22
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Andrew W. Bogue, United States Senior District Judge for the District of South Dakota
 
 
 [2]
 There is no requirement that the definition be contained in the same statutory provision. See, e.g., State v. Kennedy, 277 N.W.2d 590 (S.D.1979) ("willfully" as used in SDCL 28-7-20, was defined in section 22-1-2(1)(e))
 
 
 [3]
 The provisions of the session laws that pertained to group health insurance were codified at SDCL 58-18-32 and 58-18-33, and the provisions that pertained to individual health insurance were codified at SDCL 58-17-30.2 and 58-17-30.3. Only the group health insurance provisions are applicable to the facts of this case
 
 
 [4]
 SDCL 2-14-9 provides:
 Source notes, cross-references and titles not part of statute. Source notes, cross-references, and titles whether designating entire titles, parts, chapters, sections, or subdivisions, constitute no part of any statute.
 
 
 [5]
 SDCL 2-16-13.1(2) states in relevant part:
 Editorial material and appendices excluded from official code. The code does not include:
 * * *
 (2) Prefatory subject matter, analyses, catch-lines, notes, annotations, appendices, references, tables and indices * * *.
 
 
 [6]
 SDCL 2-14-11 provides:
 Arrangement of laws in code. Provisions contained in any title, part, or chapter of the code of laws enacted by Sec. 2-16-13 may be construed and considered in the light of such arrangement and such position in any case where such arrangement or such position tends to show the intended purpose and effect thereof.