**Sharon DELZER and Roger Delzer, Plaintiffs and Appellees,**

v.

**Barry PENN and United Fire and Casualty Company, an Iowa Corporation, Defendants and Appellants.**

No. 18890.

Supreme Court of South Dakota.

Considered on Briefs April 27, 1995.

Decided July 5, 1995.

Rehearing Denied Aug. 9, 1995.

Bradley A. Schreiber of Quinn, Eiesland, Day & Barker, Belle Fourche, for plaintiffs and appellees.

Gene N. Lebrun of Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, for defendants and appellants.

GILBERTSON, Justice.

Penn and Delzers' uninsured motorist insurance carrier appeal from an order granting Delzers' motion for a new trial. Appellants contend the trial court did not err in instructing the jury that SDCL 32–26–18 applied to a left-turn from a two-lane highway onto a private drive. We reverse.

### FACTS

Sharon Delzer was travelling north on Highway 85 near Spearfish on February 17, 1991 at approximately 4:30 p.m in her 1988 Buick LeSabre. Highway 85 is a two-lane asphalt road with gravel shoulders. Sharon and Roger Delzer live approximately one and one-half miles west of Highway 85 on a pri-vate road which abuts this highway. There were no posted restrictive passing signs or road markings on Highway 85 for north-bound traffic where Delzers' driveway joins the highway.

The highway was snow-packed and slippery that day, but visibility was clear. Intending to turn left into her private drive, Sharon Delzer pulled into the southbound lane approximately three car lengths before the entrance to her driveway. She testified she did this so the white van behind her could continue without having to slow down. Delzer had been travelling at 35–45 miles per hour but slowed to 10–15 miles per hour when she was in the southbound lane. She testified she had her left-turn signal on prior to moving into the left lane. She further testified she had checked both her rearview and side mirrors before making the lane change and observed no vehicle in the left lane.

At this same time, Barry Penn was travelling north on Highway 85 at approximately 55–60 miles per hour in his 1987 Ford Ranger 4–wheel drive pick-up. As the white van in front of him slowed, Penn pulled out to pass the van. He testified he was 4–5 car lengths behind the van when he first signalled to pass. Penn further testified that when he was still 1–2 car lengths behind the van, the Delzer car pulled out in front of him. Although Penn applied his brakes, his truck slid on the snow-covered road and rear-ended the Delzer vehicle. The collision occurred in the left-hand lane of Highway 85 just south of Delzers' private drive.

Delzers brought suit against Penn and Delzers' uninsured motorist insurance carrier for injuries suffered by Delzer as a result of the accident and for loss of consortium suffered by Roger Delzer. The trial judge severed the claims against the two defendants and a jury trial proceeded against Penn. Following a three-day trial, the jury returned a verdict for Penn. Delzers moved for a new trial based on insufficient evidence and improper jury instruction and, in the alternative, moved for judgment notwithstanding the verdict. The trial judge granted Delzers' motion for a new trial on the sole grounds of improper jury instruction under the authori-

ty of SDCL 15–6–59(a)(7). Penn and Delzers' uninsured motorist insurance carrier appeal.

### ANALYSIS AND DECISION

SDCL 15–6–59(a)(7) provides:

A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes: (7) Error of law occurring at the trial; provided, that in the case of claim of error, admission, rejection of evidence, or instructions to the jury or failure of the court to make a finding or conclusion upon a material issue which had not been proposed or requested, it must be based upon an objection, offer of proof or a motion to strike.

"Motions to grant a new trial under SDCL 15-6-59 are 'addressed to the sound discretion of the trial court and ... will not be disturbed unless it appears affirmatively from the record that there has been an abuse of such discretion.'" *Fullmer v. State Farm Ins. Co.,* 498 N.W.2d 357, 361 (S.D.1993) (quoting *Enchanted World Doll Museum v. Buskohl,* 398 N.W.2d 149, 153 (S.D.1986)). "[A]n abuse of discretion 'refers to a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence.'" *Schrader v. Tjarks,* 522 N.W.2d 205, 209 (S.D.1994) (quoting *Sander v. Geib, Elston, Frost Pro. Ass'n,* 506 N.W.2d 107, 113 (S.D.1993)).

■ We have previously stated "'a clearer showing of an abuse of discretion is required when a new trial has been granted than where a new trial has been denied.'" *Fullmer,* 498 N.W.2d at 361 (quoting *J.H. Larson Elec. Co. v. Vander Vorste,* 81 S.D. 296, 303, 134 N.W.2d 500, 504 (1965)). Orders granting new trials stand on firmer ground than orders denying them. *Simmons v. City of Sioux Falls,* 374 N.W.2d 631, 632 (S.D.1985); *Lewis v. Storms,* 290 N.W.2d 494 (S.D.1980).

The trial court granted Delzers' motion for a new trial on the sole grounds that Jury Instruction No. 20 was improper. Jury Instruction No. 20, offered by Penn, set forth SDCL 32–26–18 as the standard of care re-

quired by Sharon Delzer and further instructed the jury that a violation of this statute constituted contributory negligence as a matter of law. SDCL 32–26–18 provides:

The driver of a vehicle intending to turn left shall approach the turn in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of the vehicle. If practicable, the left turn shall be made to the left of the center of the intersection and so as to leave the intersection or other location in the extreme left-hand lane lawfully available to traffic moving in the same direction as the vehicle on the roadway being entered. A violation of this section is a Class 2 misdemeanor.[1]

At the post-trial motion hearing, the court concluded this instruction was given in error because the court could not reconcile SDCL 32–26–18, incorporated into the jury instruction, with SDCL 32–26–35, 32–26–36, and 32–26–36.1. SDCL 32–26–35 provides:

No person may drive any vehicle on the left side of the roadway when approaching or upon the crest of a grade or a curve in the highway where the driver's view is obstructed within such distances as to create a hazard if another vehicle is approaching from the opposite direction. A violation of this section is a Class 2 misdemeanor.

SDCL 32–26–36 provides:

*No vehicle may be driven on the left side of the roadway when approaching within one hundred feet of* or traversing *any intersection* or railroad grade crossing or when the view is obstructed upon approaching within one hundred feet of any bridge, viaduct or tunnel. A violation of this section is a Class 2 misdemeanor. (emphasis added).

SDCL 32–26–36.1 provides:

*The limitations of §§ 32–26–35 and 32–26–36 shall not apply* upon a one-way roadway, nor *to the driver of a vehicle turning left into* or from an alley, *private road or driveway.* (emphasis added).

---

1. This last sentence of the statute making its violation a Class 2 misdemeanor was not part of

Jury Instruction No. 20.

The trial court concluded SDCL 32–26–35, 32–26–36, and 32–26–36.1 intend "a different standard of conduct [applies] to a left turning vehicle in a passing zone as opposed to a left turning vehicle at an intersection where it is always a no passing zone." The trial court ruled SDCL 32–26–18 applied only to vehicles turning left at an intersection, Delzer was not at an intersection and, therefore, she was not making an improper turn.

■ The trial court's ruling which provided the basis for its order granting a new trial raises a question of statutory interpretation.[2] Construction of a statute is a question of law and is, therefore, fully reviewable without deference to the interpretation made by the trial court. *In re Estate of Steed,* 521 N.W.2d 675, 680 (S.D.1994); *State v. French,* 509 N.W.2d 693, 695 (S.D.1993); *Sander,* 506 N.W.2d at 121.

The rules of statutory construction guide our interpretation of SDCL 32–26–18. It was this statute which provided the basis for the challenged jury instruction.

> Each statute must be construed according to its manifest intent as derived from the statute as a whole, as well as other enactments relating to the same subject. Words used by the legislature are presumed to convey their ordinary, popular meaning, unless the context or the legislature's apparent intention justifies departure. *Where conflicting statutes appear, it is the responsibility of the court to give reasonable construction to both, and to give effect, if possible, to all provisions under consideration, construing them together to make them harmonious and workable.* However, terms of a statute relating to a particular subject will prevail over general terms of another statute. Finally, we must assume that the legislature, in enacting a provision, had in mind previously enacted statues [sic] relating to the same subject.

*Ellis v. City of Yankton,* 526 N.W.2d 124, 126 (S.D.1995) (quoting *Meyerink v. Northwest-*

*ern Public Service Co.,* 391 N.W.2d 180, 184 (S.D.1986)) (emphasis added). " 'If, by any reasonable construction, both acts can be reconciled, they should be.' " *Brown v. Egan Consol. Sch. Dist.,* 449 N.W.2d 259, 261 (S.D. 1989) (quoting *Karlen v. Janklow,* 339 N.W.2d 322, 323 (S.D.1983)).

■ We first note that SDCL 32–26–18 prescribes *the manner or method* in which a left turn is lawfully made in this state. SDCL 32–26–35, 32–26–36, and 32–26–36.1 prescribe *where* a vehicle may be lawfully driven on the left side of the road in this state. This distinction in no way conflicts when these statutes are read according to their plain meaning. "One of the primary rules of statutory and constitutional construction is to give words and phrases their plain meaning and effect." *In re Petition of Famous Brands, Inc.,* 347 N.W.2d 882, 885 (S.D.1984). However, "when the language of a statute is clear, certain, and unambiguous there is no need of statutory construction and the only function of the court is to declare the meaning of the statute as expressed." *Sioux Falls Sch. Dist. v. South Dakota Subsequent Injury Fund,* 504 N.W.2d 107, 110 (S.D.1993) (citing *In re Appeal of AT & T Info. Sys.,* 405 N.W.2d 24, 27 (S.D.1987)).

Moreover, a review of the legislative history of SDCL 32–26–18 convinces us its provisions are not limited to intersections. Prior to 1982, this statute provided:

> The driver of a vehicle intending to turn left at any intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle, and, after entering the intersection, the left turn shall be made so as to leave the intersection in a lane lawfully available to traffic moving in such direction upon the roadway being entered. Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection.

---

**2.** This court was presented with a similar standard of review situation in *Weisbeck v. Hess,* 524 N.W.2d 363 (S.D.1994). In *Weisbeck,* a trial court's evidentiary ruling was challenged, which required our review under an abuse of discretion standard. The particular challenge, however, required our determination as to whether the court's discovery order violated the psychologist-patient confidentiality privilege under our statutes. This raised a question of statutory interpretation and, therefore, de novo review. *Id.* at 364–65. Based on our interpretation of the privilege statutes, we held the trial court abused its discretion and reversed the order. *Id.* at 368.

In 1982, the statute was amended to provide that:

> The driver of a vehicle intending to turn left shall approach the turn in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of the vehicle. If practicable, the left turn shall be made to the left of the center of the intersection and so as to leave the intersection *or other location* in the extreme left-hand lane lawfully available to traffic moving in the same direction as the vehicle on the roadway being entered. (emphasis added).

The final amendment to this statute in 1989 was the addition of the sentence: "A violation of this section is a Class 2 misdemeanor."

 This legislative history illustrates that SDCL 32–26–18 is not limited in its applicability to left turns at intersections, but encompasses the manner in which left turns at other locations, including private driveways from two-lane highways, shall be made in this state. In 1982, the legislature deleted the word intersection from the first sentence of the statute and added the phrase "or other location" to the second sentence. "[W]e must assume that the legislature, in enacting a provision, had in mind previously enacted statutes relating to the same subject." *Meyerink*, 391 N.W.2d at 184 (citing *State v. Feiok*, 364 N.W.2d 536, 539 (S.D.1985)). When the legislature amends the terms of a statute, we generally presume the legislature intended to alter the meaning of the statute to comport with the new terms. *Delano v. Petteys*, 520 N.W.2d 606, 609 (S.D.1994); *John Morrell & Co. v. Dep't of Labor*, 460 N.W.2d 141 (S.D.1990); *Rosander v. Bd. of Cty. Comm'rs.*, 336 N.W.2d 160 (S.D.1983). We believe the 1982 amendment to SDCL 32–26–18 leaves no question the statutory provisions apply at other locations as well as intersections.

Besides the statutory language and history, there exists secondary authority that supports this interpretation. SDCL 2–14–13 provides "[w]henever a statute appears in the code of laws ... which, from its title, text, or source note, appears to be a uniform law, it shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it." The language of SDCL 32–26–18, as it was first enacted and subsequently amended, closely follows that of the Uniform Vehicle Code § 11–601(a) and (b). The annotation to UVC § 11–601(b), which prescribes the required position and method of making left turns, states the rule "applies to left turns made at intersections *and other locations*." (emphasis added). Alabama Code § 32–5A–130 (1989), which was also patterned after the UVC and is identical to our statute for all relevant purposes, is followed by commentary that states "the rules set forth herein are applicable *to all turns whether at intersections or elsewhere*." (emphasis added).

 We hold the trial court erred in its post-trial interpretation that SDCL 32–26–18 applied only to the manner of making left turns at intersections and not at other locations from two-lane highways, such as private driveways. Jury Instruction No. 20, therefore, was a proper instruction on the applicable law pertaining to the method of making left turns in this case.[3] The trial court's giving this instruction was not "error of law occurring at the trial," which is required under SDCL 15–6–59(a)(7) for the grant of a new trial. Having given a proper instruction on the law in this case, the trial court abused its discretion when it granted Delzers' motion for a new trial. We reverse.

MILLER, C.J., and SABERS, AMUNDSON and KONENKAMP, JJ., concur.

---

**3.** Delzers did not argue the instructions given were an incomplete statement of the law and offer instructions based on SDCL 32–26–36 and 32–26–36.1. *See Ballard v. Happy Jack's Supper Club*, 425 N.W.2d 385, 386 (S.D.1988). Delzers objected only that Jury Instruction No. 20 gave an incorrect statement of the law. Where an instruction was not requested, error cannot be predicated on the trial court's failure to so instruct. *Ross v. Foss*, 77 S.D. 358, 92 N.W.2d 147, 152 (1958); *Schmidt v. Wildcat Cave, Inc.*, 261 N.W.2d 114, 116 (S.D.1977). *See also Frey v. Kouf*, 484 N.W.2d 864, 866–67 (S.D.1992).