Elaine **BROWN, Plaintiff and Appellee,**

v.

**EGAN CONSOLIDATED SCHOOL DISTRICT # 50–2, Defendant and Appellant.**

**No. 16629.**

Supreme Court of South Dakota.

Argued Oct. 16, 1989.

Decided Dec. 13, 1989.

Gregory A. Eiesland and Jon C. Sogn of Lynn, Jackson, Shultz & Lebrun, Rapid City, for plaintiff and appellee; N. Dean Nasser of Nasser Law Offices, Sioux Falls, on the brief.

William Fuller of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

Egan Consolidated School District # 50–2 (District) takes an intermediate appeal from an order denying its motion for summary judgment against Elaine Brown (Brown). We affirm.

On January 12, 1988, Brown was driving to work at Egan Consolidated School. The weather on this day was blizzard-like: blowing snow, poor visibility and ice-covered roads. Approximately two and one-half miles west of Egan, Brown came upon a school bus owned by District and driven by an employee of District. The bus was parked in the middle of the road without any emergency lights, brake lights, tail lights, or any other warning devices. By the time Brown saw the bus, she was unable to stop. She slammed into the rear of the vehicle, suffering a severed aorta, broken leg, broken hip, and other serious injuries.

At the time of the accident, District had purchased $300,000 primary liability insurance coverage from the General Casualty Company, Madison, Wisconsin, and $100,000 in excess liability coverage from South Dakota Farm Bureau Mutual Insurance Company, Huron, South Dakota. Brown brought suit against District to the extent of its insurance coverage.

District filed a motion for summary judgment, claiming that SDCL 13–29–1 created an independent statutory basis for sovereign immunity that was not waived by SDCL 21–32A–1. The trial court disagreed, holding that it was possible to reconcile the two statutes and read that sovereign immunity still existed under SDCL 13–29–1, but was waived under SDCL 21–32A–1 to the limit of liability insurance.

District raises one issue: "Whether District was entitled to summary judgment as a matter of law because the provisions of SDCL 13–29–1 created a statutory basis for sovereign immunity?"

We first note our standard of review. Since the application and effect of SDCL 21–32A–1 and SDCL 13–29–1 are questions of law, they are reviewed by this court de novo. *Beville v. University of S.D. Bd. of Regents*, 420 N.W.2d 9 (S.D.1988). "No deference is given to the conclusions of law by the trial court[.]" *Id.* at 11.

District argues that there are three independent basis for sovereign immunity: (1) common law, (2) the South Dakota Constitution article III, § 27, and (3) particular statutes. While District concedes that SDCL 21–32A–1 waived common law and constitutional immunity, it claims that the statute did not waive the *independent stat-*

*utory immunity* for operation of school buses contained in SDCL 13–29–1. Brown argues that SDCL 13–29–1 only creates immunity in instances where District grants use of a bus to a third-party non-profit organization and therefore is not applicable to these facts. With this overview of the parties' arguments, we examine each of the statutes.

SDCL 13–29–1 provides, in pertinent part:

> The school board of any school district may acquire, own, operate, or hire buses for the transportation of students to and from its schools either from within or without the district or for transportation to and from athletic, musical, speech, and other interscholastic contests in which participation is authorized by the school board. If the use of a school bus is granted by the school board pursuant to subdivision (1) or (8) of § 49–28–2, the school district is not liable for suit or damages which may arise as the result of the use.

The problem arises in the interpretation of the statute in light of the provisions of SDCL 49–28–2, therein referred to. We approach the reading of these statutes with the guidance on statutory construction found in *Karlen v. Janklow*, 339 N.W.2d 322, 323 (S.D.1983):

> Where conflicting statutes appear, it is the responsibility of the court to give a reasonable construction to both, and to give effect, if possible, to all provisions under consideration, constructing them together to make them harmonious and workable.... If, by any reasonable construction, both acts can be reconciled, they should be.

The first sentence of SDCL 13–29–1 refers entirely to use *by the school district* to transport students to and from school and interscholastic activities. The second sentence refers to the *granting* of use of buses pursuant to subdivisions (1) and (8) of SDCL 49–28–2, a statute excluding certain motor vehicles from the definition of motor carriers for the purpose of regulation under the Public Utilities Commission (PUC).

SDCL 49–28–2(1) excludes from PUC regulation, motor vehicles used per SDCL 13–29–1, first sentence, for transportation to and from schools or interscholastic activities; *or*, per second sentence, when use is rented or granted to nonprofit organization for transport of persons under twenty-one for community service (per SDCL 13–24–20). Then, SDCL 49–28–2(8) exempts motor vehicles used by nonprofit organizations for transportation of senior citizens or handicapped persons. Because SDCL 49–28–2(1) makes reference to District's use of buses for student transportation, District argues that the exemption from liability as contained in the second sentence is applicable to such use. We disagree, because such an interpretation would render the phrase "use of a school bus is granted" meaningless.

■ When viewed from our perspective, it is obvious that the language regarding liability found in the second sentence of SDCL 13–29–1 does not apply to the school district's use of buses to transport its own students to and from school or for interscholastic contests, as authorized in the first sentence; but rather applies only to renting or granting use of the buses to nonprofit organizations for their purposes as designated in subdivisions (1) and (8) of SDCL 49–28–2. Subdivision (1) limits the area in which a bus can be used under the grant and further requires that the organization to which use is granted furnish a fully qualified driver and insurance coverage to and no less than the limits District carries for the usual transportation in connection with school activities. The effect of SDCL 13–29–1 is simply to prevent stacking liability coverages where the use of the bus is granted to the nonprofit organizations.

Thus, when the trial court said that sovereign immunity existed under SDCL 13–29–1, but was then waived under SDCL 21–32A–1, it was in error. Nonetheless, it arrived at the right result. *Breen v. Dakota Gear & Joint Co. Inc.*, 433 N.W.2d 221 (S.D.1988) (though trial court entered summary judgment for the wrong reason, we may affirm for the correct reason). The

liability aspect of SDCL 13–29–1 is simply inapplicable to the facts of this case.

Nor are we impressed by District's argument for statutory sovereign immunity. Without citing to any precedent for its position, District asserts there are three independent bases for sovereign immunity with individual statutes such as SDCL 13–29–1 composing the third leg of the triad that must be specially waived by statute. This argument ignores the history of sovereign immunity. The immunity language of SDCL 13–29–1 did nothing more than reiterate the common law concept of sovereign immunity embodied in the South Dakota Constitution, art. III, § 27. *See* Comment, Analysis of South Dakota's Sovereign Immunity Law: Governmental v. Official Immunity, 28 S.D.L.Rev. 317, 321 (1983).

Article III, § 27, states that "[t]he legislature shall direct by law in what manner and in what courts suits may be brought against the state." SDCL 21–32A–1 provides that a public entity such as a school district is deemed to have waived immunity and to have consented to be sued as any other party may be sued. It does not create the special variety of sovereign immunity urged by District. Sovereign immunity exists for school district's use of school buses, but can be waived, as was done here, by the purchase of liability insurance.

Having decided that SDCL 13–29–1 is irrelevant to our facts, we next review the applicability of SDCL 21–32A–1 and the waiver of sovereign immunity.

For many years, this court held unequivocally that school districts were immune from tort actions because they are state agencies wielding a distributive portion of the sovereign power of the state. *Merrill v. Birhanzel*, 310 N.W.2d 522 (S.D.1981); *Plumbing Supply Co. v. Board of Education*, 32 S.D. 270, 142 N.W. 1131 (1913). After the passage of SDCL 21–32–15 in 1981, it appeared that school districts had waived sovereign immunity if the commissioner of administration purchased liability insurance. But in *Holland v. Yankton School Dist. 63–3*, 375 N.W.2d 199 (S.D. 1985), a case where school district employees spilled hot soup on a student, we held that school districts were not one of the state agencies that was included in the liability coverage purchased by the commissioner of administration and upheld summary judgment in the case because sovereign immunity had not been waived.

We surmise that the legislature sought to overcome this problem in 1986 by authorizing school districts to waive sovereign immunity under the rubric of "public entities."

SDCL ch. 3–21, enacted as Chapter 4 of the Session Laws of 1986, is entitled "Liability for Public Entities and Public Officials." SDCL 3–21–1(1) defines public entities.

'Public entities,' the state of South Dakota, all its branches and agencies, boards and commissions. The term also includes all public entities established by law exercising any part of the sovereign power of the state, including, but not limited to municipalities, counties, *school districts*.... (Emphasis added.)

This chapter is cross-referenced to SDCL 21–32A–1 through 21–32A–3, which covers waiver of immunity when liability insurance is purchased.

SDCL 21–32A–1 explains what a public entity must do to waive sovereign immunity.

To the extent that any public entity, other than the state, participates in a risk sharing pool or purchases liability insurance and to the extent that coverage is afforded thereunder, the public entity shall be deemed to have waived the common law doctrine of sovereign immunity and shall be deemed to have consented to suit in the same manner that any other party may be sued[.]

*See also* SDCL 13–8–39 (school boards power to purchase liability insurance); SDCL 13–5–1 (school districts right to sue and be sued).

In this case District, a public entity, has purchased liability insurance and has waived its sovereign immunity to the limit of its insurance coverage.

Therefore, the trial court's denial of Board's motion for summary judgment is affirmed.

All the Justices concur.