**In the Matter of the ESTATE OF Elmer G. PIERCE, Deceased.**

No. 18840.

Supreme Court of South Dakota.

Considered on Briefs Jan. 9, 1995.

Decided May 10, 1995.

A. William Spiry and Dana J. Frohling of Spiry & Frohling, Britton, for appellant Dennis Stephens.

Craig E. Smith of Neumayr and Smith, Gettysburg, for appellees Estate, Eleanor G. Thompson, Sam R. Jones, William R. Jones, Jr., Lori Dorathy, Kimberly Davis, and Bradley Jones.

James C. Robbennolt of Olinger, Lovald, Robbennolt & McCahren, P.C., Pierre, for appellee Stanley E. Jones.

SABERS, Justice.

Decedent prepared and signed a handwritten document completely in his own writing, to put his "wishes" in writing due to an impending operation. It purported to lease land and machinery to a neighbor for ten years. The trial court excluded oral declarations of decedent in determining that the document was not executed with testamentary intent and character and denied admission to probate. We reverse and remand.

## FACTS

Elmer G. Pierce, a bachelor without children, farmed near Onida, South Dakota. His neighbor, Dennis Stephens, helped Pierce for many years in his farming operation. Stephens farmed Pierce's land on a crop share basis since 1978. Stephens used Pierce's machinery to farm his land and Pierce's since 1983. Stephens and his wife Brenda were close personal friends of Pierce.

In July of 1993, Pierce was in poor health and required an operation in Sioux Falls, S.D. Pierce had a will dated 1965. There was testimony that he was concerned that he would soon die. He prepared and signed a writing as follows:

7-27-93  To Whom It May Concern

I Elmer G. Pierce will be going into the hospital for medical care and an operation or more. I am putting my wishes in writing as follows:

That Dennis Stephens will continue to lease my place on ⅓ and ⅔ shares and use my machinery with his for the next ten years, as he has been doing.

Witnesses:

/s/ Donald Bergeson

/s/ Donald Bergeson

/s/ Elmer G. Pierce

/s/ Eleanor G. Thompson

Bergeson was a neighbor and friend. Thompson was the sole surviving sister who was named executrix under his 1965 will.[1] In Bergeson's presence, Pierce obtained her assurance that she had no problem complying with this writing. After the writing and until his death, Pierce told several people that he had to "get his affairs in order." He died January 13, 1994. On January 24, 1994, a Petition for Letters of Administration and to Administer Estate in Independent Administration and for Notice of Creditors was

---

1. Eleanor G. Thompson was named executrix of the will. However, she was made administratrix by the trial court. The S.D. Inheritance Tax Report filed by Thompson states no property passed by will or trust. No explanation is given.

filed by Eleanor G. Thompson. On February 22, 1994, the trial court issued Letters of Administration to Thompson, appointing her administratrix of the Pierce Estate. On February 28, 1994, Stephens filed a Petition for Letters of Administration with Will Annexed and for Independent Administration.

The trial court found that the only evidence which established the writing as a will was hearsay testimony of the beneficiaries and one witness, Donald Bergeson. The writing satisfied all the form requirements of an olographic will under SDCL 29–2–8, but the trial court found it did not have testamentary intent or character, and denied it probate.

**Whether the trial court should have considered decedent's oral declarations in determining testamentary intent and character?** [2]

In reviewing the findings of the trial court, we must decide "whether in light of the entire evidence we are left with a definite and firm conviction that the trial court was mistaken in not admitting the document to probate as [an] olographic will[.]" *Matter of the Estate of Carolyn G. Nelson,* 250 N.W.2d 286, 287 (S.D.1977).

■ Under SDCL 29–2–8, an olographic will is one that is "entirely written, dated, and signed by the hand of the testator himself." An olographic will need not be witnessed. *Id.* The trial court found that the writing granting the lease to Stephens met these technical requirements. However, the trial court did not admit the writing to probate because it lacked testamentary intent and character.

2. Stephens raised this issue by citing and arguing *Estate of Carolyn G. Nelson,* 250 N.W.2d 286, 287 (S.D.1977). *See* Appellant's brief at 14 & 15 reference oral declarations. In his notice of appeal, Stephens raised the issue as follows:

   Does a holographic writing which otherwise meets all of the requirements of a holographic will, exhibit testamentary character, thereby entitling such document to be admitted for probate?

3. SDCL 29–5–3 provides:

   In case of uncertainty arising upon the face of a will, *as to the application of any of its provisions,* the testator's intention is to be ascer-

■ A will must be executed with testamentary intent and must be testamentary in character. *Nelson,* 250 N.W.2d at 287.

Whether an instrument is testamentary in character is dependent upon the intention of the alleged testator, and it follows that each case must be considered separately on its own facts. This intention must be determined in the light of the words used in the writing, and any extraneous circumstances bearing upon the question of intention.

*Id.* at 288 (citation omitted).

■ The oral declarations of the testator may be considered as part of the "extraneous circumstances" in determining whether an olographic will has testamentary intent or character. *Id.* (citations omitted). The trial court refused to consider the oral representations of Pierce, citing SDCL 29–5–3.[3] The trial court found:

The only evidence which describes [the writing] as a will is hearsay testimony by the beneficiaries and one witness, Donald B[e]rgeson. Hearsay testimony is objectionable because of its inherent unreliability, and the testator's intent regarding some ambiguity *in the will* must be proven by other than oral representations of the testator, pursuant to SDCL 29–5–3

Finding of Fact VIII (emphasis added). The construction and application of statutes are questions of law which are reviewed de novo. *Brown v. Egan Consol. Sch. Dist.,* 449 N.W.2d 259, 260 (S.D.1989).

■ Under the Deadman's statute, SDCL 19–16–34,[4] "any statement of the deceased . . . shall not be excluded as hearsay[.]" The

tained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations.
   *Id.* (emphasis added).

4. **SDCL 19–16–34. (Rule 804(b)(5)) Decedents' statements admissible.**
   In actions, suits, or proceedings by or against the representatives of deceased persons including proceedings for the probate of wills, any statement of the deceased whether oral or written shall not be excluded as hearsay, provided that the trial judge shall first find as a fact that the statement was made by decedent, and that it was in good faith and on decedent's personal knowledge.

statute specifically includes "proceedings for the probate of wills[,]" *id.*, whereas, SDCL 29–5–3 only governs the "interpretation of the provisions of the writing." *See Nelson*, 250 N.W.2d at 288 n. 3 (to determine testamentary character of alleged olographic will, court considered decedent's declarations to others). SDCL 29–3–5 does not govern the initial determination of whether a document is a will since it applies to "uncertainty arising upon the face of a will, as to the application of any of its provisions." The trial court found that the only evidence of testator's intent regarding the writing was Pierce's declarations to the Stephens, Thompson, and Bergeson. The trial court required proof of testamentary intent and character apart from Pierce's oral declarations.[5] Therefore, the trial court erred. We reverse and remand for the trial court's consideration of the oral declarations in determining whether the writing had testamentary intent and character.

KONENKAMP, J., concurs.

RUSCH, Circuit Court Judge, sitting as a member of the court, concurs specially.

MILLER, C.J., and AMUNDSON, J., dissent.

GILBERTSON, J., not having been a member of the court at the time this case was submitted, did not participate.

RUSCH, Circuit Judge (concurring specially).

I specially concur in this opinion because I believe that the majority and the dissent used the wrong standard of review.

Last year the South Dakota Supreme Court held that when an appellant fails to object to findings and conclusions, the scope of review is limited by the Court. *In Matter of Estate of Chilton*, 520 N.W.2d 910, 914 (S.D.1994) the Court noted:

> The failure of an appellant to object to findings of fact and conclusions of law and to propose his or her own findings, limits

review to the question of whether the findings support the conclusions of law and judgment.

*Id.* (citations omitted).

Thus, in the present case, the issue should be whether the trial court's conclusions of law and order denying probate to the July 27, 1993 writing are supported by the findings of fact. Based on the trial court's Findings of Fact VIII, *supra*, it is clear that the trial court's conclusion of law, for the reasons stated in the majority opinion, is unsupported.

MILLER, Chief Justice (dissenting).

I respectfully dissent. In my opinion the majority is deciding this case on an evidentiary issue which was never presented to the trial court; nor was it properly raised before this court on appeal.

### AS TO PROCEEDINGS BEFORE THE TRIAL COURT

At trial, the testimony regarding decedent's oral declarations was admitted without objection. The issue of admissibility was never raised before the trial court. In fact, the trial judge, in his ruling from the bench, stated:

> "The only evidence which describes # 6 as a will is hearsay testimony by the beneficiaries and Mr. Bergeson. Number one, hearsay testimony is objectionable because of its inherent unreliability. And number two, the testator's intent concerning some ambiguity in the will must be proven by other than oral representations of the testator, according to SDCL 29–5–3."

The trial court's statements were incorporated into appellees' findings and conclusions, which the trial court ultimately adopted. Of greater importance, the appellant's proposed findings and conclusions do not register *any* objection to the trial court's disregard of decedent's oral statements or to the court's interpretation of SDCL 29–5–3.

---

5. Stephens also argues that the declarations are offered to prove Pierce's state of mind, not for the truth of the matter asserted. Therefore, he claims the oral declarations are not hearsay. We need not reach this issue, since under *Nelson*, 250 N.W.2d at 288, the oral declarations should be considered by the trial court.

### AS TO PRESENTING THE ISSUE
### TO THIS COURT

The evidentiary issue addressed by the majority opinion was never specifically raised as an issue by appellant. The primary focus was always on the testamentary character of the written instrument.

A review of appellant's docketing statement reveals the evidentiary issue was never mentioned. The docketing statement simply presents the issue as: "Does a holographic writing which otherwise meets the requirements for a holographic will, exhibit testamentary character, thereby entitling such document to be admitted for probate?" In giving reasons for not requesting a settlement conference, appellant also wrote in the docketing statement: "A *legal question concerning testamentary character* is presented for the court. The Supreme Court can review such question without giving difference (sic) to the Trial Court's conclusions." (Emphasis added.)

Similarly, appellant's brief lists only one legal issue: "Does the handwritten, dated, and signed writing of the decedent have the necessary testamentary intent and character to constitute an holographic will?" Admittedly, there was some discussion about the evidentiary question in both parties' briefs. It was especially covered in appellant's reply brief. However, as noted above, the evidentiary question was never raised as an issue by appellant, and the primary focus has always been on the testamentary character of the instrument.

I respectfully suggest that the parties and their attorneys never envisioned we would decide this case upon the evidentiary issue propounded by the majority. Under our settled law, we do not decide cases based on issues not preserved below or which are not properly raised on appeal. *Fullmer v. State Farm Ins. Co.*, 514 N.W.2d 861, 866 (S.D. 1994); *Hawkins v. Peterson*, 474 N.W.2d 90, 95 (S.D.1991) ("We will not consider issues raised for the first time on appeal."); *In re Luhrs Trust*, 443 N.W.2d 646, 651–52 note * (S.D.1989) (a gratuitous issue raised by the dissent, which was not argued at the trial level or briefed before the appellate court, should not be considered on appeal); *Bottum v. Herr*, 83 S.D. 542, 548, 162 N.W.2d 880, 883 (1968) (a party "cannot now assert error on matters not considered by or ruled upon in the trial court"); *Schull Constr. Co. v. Koenig*, 80 S.D. 224, 229, 121 N.W.2d 559, 561 (1963) ("A reviewing court will not consider matters not properly before it or matters not determined by the trial court.") (citations omitted). The reasons for such judicial restraint are obvious. Even though I may find the *result* of the majority writing quite compelling, I fear it is setting a bad precedent and treading on dangerous ground.

I am authorized to state that Justice AMUNDSON joins in this dissent.